IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31035-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT THOMAS MCADAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Grant McAdams appeals his convictions for first degree assault and first degree robbery on the basis that his trial counsel failed to provide effective assistance when he did not offer evidence of where a stolen vehicle was recovered. We affirm.

FACTS

The victim, Emad Mohammed Salih, gave a ride to a hitchhiker, Grant McAdams. After a short distance, Mr. McAdams instructed Mr. Salih to stop the car. Mr. McAdams then took a wrench from the car and used it to beat Mr. Salih. He dragged Mr. Salih from the car and pursued him a short distance while continuing to beat him with the wrench. Mr. McAdams then returned to the car and drove off with it.

Three eyewitnesses and Mr. Salih identified Mr. McAdams as the assailant. One of the witnesses testified that she lived in the 2100 block of North Cincinnati. The car was recovered 24 hours later in the 3000 block of North Standard. Forensic evidence retrieved from the car was admitted into evidence, including a palm print belonging to Mr. McAdams found on the driver's door.

Alternative charges of attempted first degree murder and first degree assault were filed along with one count of first degree robbery. Defense counsel argued the case on a theory of alibi by calling a witness to show that Mr. McAdams had been working 15 blocks from where the hitchhiker was picked up and could not have covered that distance in the 10 minute period between the end of his shift and the time when the hitchhiker met Mr. Salih. Defense counsel also argued that the evidence showed there was no robbery because the assailant's intent had been to assault Mr. Salih rather than steal the car. Thus, the use of force preceded the taking of the property. Mr. McAdams did not testify.

The jury convicted Mr. McAdams of first degree assault and first degree robbery, but did not return a verdict on the attempted murder charge. He timely appealed to this court.

## ANALYSIS

The sole issue[1] presented by this appeal was whether defense counsel rendered ineffective assistance by failing to present evidence of the distance between where the car was taken and where it was recovered to support his claim that he did not commit robbery.[2] This argument fails to establish that counsel's performance was defective.

The standards governing review of this claim are long settled. An attorney must perform to the standards of the profession; failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires courts to

---

[1] Appellate counsel filed a motion to withdraw from further representation based on her client's desire that she do so. Mr. McAdams also has filed a motion to correct and supplement the record to include information that he did not offer at trial as well as litigation records related to the victim. Both motions are denied.

[2] Mr. McAdams also filed a pro se statement of additional grounds raising eight claims. The first seven claims clearly are without merit—some of them are not supported by the record, some lack legal significance, and other claims were not preserved at trial. The remaining issue is that the court used an uncertified interpreter during the testimony of Mr. Salih. The sole certified Arabic interpreter in the state was not available at the time of this trial, so the court used an uncertified interpreter after finding good cause to do so because no certified interpreter was available. This process complied with the

3

determine whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

The claim here fails both prongs of *Strickland*. Although the State produced the two addresses showing where the car was taken and where it was recovered, Mr. McAdams argues that his counsel should have provided testimony that these addresses were not far apart. The evidence showed that the car was recovered nine blocks north of where it was taken; the evidence did not reveal that Cincinnati and Standard are two blocks apart. Thus, the car was located eleven blocks from where it was taken.

This evidence is not very significant and, without more, not helpful to the defense. The reason is that no one was able to establish *when* the car was abandoned. Without a showing that it was abandoned shortly after being taken, there is no basis for showing that it was driven a short distance (if eleven blocks even qualifies as a short distance). Given the 24 hour time frame from theft to recovery, it is possible the car was driven to Seattle and back before it was abandoned. It is even likelier that it was driven about north Spokane for some time before it was abandoned at a safe location. In the absence of evidence that it was *used* for only a brief time, evidence that it may have been driven

---

statute. RCW 2.43.030.

only a short distance simply is not significant. We do not believe counsel erred in this regard.

We also do not believe there was any prejudice to the defense. The primary defense to both counts was alibi. Lack of intent to steal was a secondary defense to the robbery count. Defense counsel had what he needed to make his argument—the assailant pursued Mr. Salih on foot for a brief period of time before returning and taking the car. That fact allowed counsel to raise the lack of intent argument, but this record does not establish that there was any further evidence to support that argument. Counsel understandably focused on the alibi theory applicable to all charges. Hence, even if there was more evidence to support his technical argument on the robbery count, its absence did not prejudice the case as a whole.

Mr. McAdams has not established that useful evidence existed that his counsel failed to develop. Accordingly, he has not shown that counsel erred. He also has not established how he was prejudiced by the supposedly missing evidence. Finally, in light of the fact that the supposedly missing evidence only addressed a secondary defense to a secondary charge, he cannot overcome counsel's tactical decision to primarily assert an alibi defense. For all of these reasons, he has not established that counsel was ineffective.

No. 31035-3-III
*State v. McAdams*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

6